## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

CHRISTA WALDRIP,

          Plaintiff,

     v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

          Defendant.

No.

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS

(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B))

COMES NOW Plaintiff, Christa Waldrip, with a complaint for long-term disability benefits, and alleges against Defendant, Reliance Standard Life Insurance Company, as follows:

## I.    CAUSE OF ACTION

1.1

This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks to recover from Defendant all unpaid long-term disability ("LTD")

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

benefits, through the date of judgment, pursuant to the terms of a long-term disability policy ("LTD Plan") provided by Linear Technology Corporation (later acquired by Analog Devices, Inc.) ("Linear/ADI"), pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff further seeks reinstatement of her LTD benefits pursuant to the terms of the LTD Plan, from the date of judgment until Plaintiff reaches the age of 67 pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), absent a material improvement in her medical conditions such that she would no longer qualify as disabled under the LTD Plan. Plaintiff seeks these remedies, prejudgment and post-judgment interest, plus her costs and reasonable attorney fees, pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II. IDENTIFICATION OF PLAINTIFF

2.1

Plaintiff is a resident of Multnomah County, Oregon.

2.2

Linear/ADI employed Plaintiff in Camas, Washington, and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Plaintiff was a participant under the LTD Plan.

## III. IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, Linear/ADI was the sponsor and plan administrator of the LTD Plan, pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

/

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

### 3.2

Linear/ADI delegated sole discretion to make disability determinations under the LTD Plan to Defendant.

### 3.3

At all times material herein, Defendant was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

### 3.4

The LTD Plan was fully insured by Defendant, who is wholly responsible for any judgment Plaintiff may obtain through this action for LTD benefits.

## IV.   JURISDICTION AND VENUE

### 4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives United States District Courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs, under ERISA.

### 4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391.

## V.   STANDARD OF REVIEW

### 5.1

Defendant's denial of Plaintiff's LTD benefits is reviewed by this court *de novo*.

/

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

## VI.  FACTS SUPPORTING CLAIM

### 6.1

On or before October 23, 2018, Plaintiff became totally disabled from her job at Linear/ADI, due to a combination of conditions and symptoms including relapsing-remitting multiple sclerosis; multiple and chronic degenerative conditions including severe, congenital stenosis of the cervical canal, chronic neck pain, and lumbar back pain with radiculopathy; carpal tunnel syndrome; medication side effects; and extreme anxiety and depression.

### 6.2

Plaintiff was found to be totally disabled by Defendant on November 4, 2019, based on a date of disability of October 23, 2018. More specifically, Defendant determined that Plaintiff had satisfied the LTD Plan's Elimination Period as of January 22, 2019, with full LTD benefits payable from that date forward.

### 6.3

In early 2020, Defendant requested medical records concerning Plaintiff's condition. On March 4, 2020, Plaintiff provided medical records from seven different care providers.

### 6.4

After Defendant then requested even more medical records, Plaintiff explained that she had recently moved to another state, Oklahoma, and was encountering difficulty in establishing care with new providers there after the (then-recent) COVID-19 outbreak. This information was conveyed by Plaintiff in an emailed letter dated April 23, 2020, in which she also noted that her first new

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

care appointment in Oklahoma would take place on April 24, 2020. Further, Plaintiff stated her appreciation for Defendant's patience given the COVID-19 outbreak, while she affirmed that any new medical information and care records could be passed on to Defendant as soon as they became available.

6.5

On April 24, 2020, notwithstanding the COVID-19 outbreak and Plaintiff's self-evident difficulty in meeting Defendant's updated medical information requests during this initial stage of the global pandemic, Defendant emailed Plaintiff to inform her that her LTD claim would be closed, effective April 23, 2020 ("First Denial").

6.6

The closing of the LTD claim resulted in the immediate cut off of Plaintiff's primary, if not only, means of income. Without a means to sustain herself, Plaintiff moved back to Oregon to live with family and sought to reestablish medical care with former providers in order to help her establish her ongoing entitlement to LTD benefits.

6.7

A long series of communications between Plaintiff and Defendant ensued, culminating in Plaintiff's appeal of the First Denial on August 10, 2020 ("First Appeal"). When submitted, the First Appeal included a 79-page letter and eight supportive exhibits establishing Plaintiff's ongoing entitlement to LTD benefits. Plaintiff would later supply additional letters and exhibits that also became part of the First Appeal.

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

6.8

On September 22, 2020, Defendant completed an independent review of the First Appeal and overturned the First Denial. Plaintiff was paid all past LTD benefits owed from April 23, 2020.

6.9

On September 30, 2020, just eight days after Plaintiff's benefits had been reinstated and the First Denial overturned, Defendant informed Plaintiff that her LTD claim would be closed again, effective almost four months in the future—i.e., on January 22, 2021. More specifically, Defendant had already concluded by September 30, 2020, that Plaintiff would not be disabled on January 22, 2021, when the "Own Occupation" period of disability (a term that does not actually appear in the LTD Plan) was over. Defendant formalized this determination by a letter dated December 2, 2020 ("Second Denial").

6.10

Plaintiff filed a timely appeal of the Second Denial on March 25, 2021 ("Second Appeal"). In addition to a 54-page letter, the Second Appeal was supported by seven exhibits at the time of filing. After that, Plaintiff submitted additional letters and exhibits that also became part of the Second Appeal. In totality, the Second Appeal provides information supporting Plaintiff's ongoing entitlement to LTD benefits, including total disability assessments from longtime treating providers and a comprehensive Physical Work Performance Evaluation finding that Plaintiff could not tolerate any job requiring sitting for more than one-third of an eight-hour workday.

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

## 6.11

On August 5, 2021, Defendant denied the Second Appeal, thereby ending all administrative agency process on Plaintiff's LTD claim.

## 6.12

Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to administrative remedies exhaustion and submission of sufficient proof of her ongoing medical conditions and disability under the applicable definitions of the LTD Plan.

## 6.13

Defendant wrongfully denied Plaintiff's claim for LTD benefits and breached its fiduciary duties to Plaintiff under ERISA.

## 6.14

The wrongful denial of Plaintiff's claim for LTD benefits was and still is a violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

## 6.15

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from January 22, 2021 through the date of judgment.

## 6.16

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged by the withholding of all other benefits to which she is or may be entitled under the LTD Plan, including, but not limited to, any additional treatment and therapy benefits.

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

### 6.17

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff is entitled to recover prejudgment interest, which is accruing on each unpaid monthly benefit payment from January 22, 2021 through the date of judgment.

### 6.18

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff may and does seek clarification of her rights to future benefits, alleging that she meets the LTD Plan's definition of disabled and as such she is, and absent any material improvement in her permanent medical condition she will be, so entitled to benefits through the maximum term of the LTD Plan.

### 6.19

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. For gross unpaid monthly LTD benefit payments from January 22, 2021 through the date of judgment, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B. For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's LTD claim, and estopping Defendant from continuing to deny Plaintiff's LTD claim;

C. For a declaration clarifying Plaintiff's rights under the LTD Plan, holding that absent a material improvement in her medical condition such that

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Plaintiff is no longer deemed disabled under the LTD Plan, Plaintiff is entitled to receive her full monthly benefit under the LTD Plan for its remaining term;

D. For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

E. For prejudgment and post-judgment interest; and

F. For any further relief as the Court deems equitable or just.

DATED this 20th day of August, 2021.

ROY LAW GROUP

*s/Jesse Cowell*
Jesse Cowell, WSBA 50725
1000 S.W. Broadway, Suite 900
Portland, OR 97205
PH: 503.206.4313
jesse@roylawgroup.com

*s/Chris Roy*
Chris Roy, WSBA 29070
1000 S.W. Broadway, Suite 900
Portland, OR 97205
PH: 503.206.4313
chris@roylawgroup.com

*s/R. Darrin Class*
R. Darrin Class, WSBA 21925
1000 S.W. Broadway, Suite 900
Portland, OR 97205
PH: 503.206.4313
darrin@roylawgroup.com

*Attorneys for Plaintiff*

COMPLAINT FOR LONG-TERM
DISABILITY INSURANCE BENEFITS

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com